**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAM M. JOSEPH, | ) | CASE NO. 5:10cv2342 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| ALL AERIALS LLC, et al., | ) | |
| Defendants. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | [Resolving Doc. 19] |

This matter comes before the Court on the motion of defendant All Aerials LLC ("defendant" or "All Aerials") for judgment on the pleadings or, in the alternative, for summary judgment. (Doc. 19.) Plaintiff Sam Joseph ("plaintiff" or "Joseph") has opposed the motion (Doc. 23), and All Aerials has replied (Doc. 24). This matter is ripe for disposition. For the reasons that follow, defendant's motion is **DENIED**.

**I.     BACKGROUND**

Joseph was an employee of All Aerials from September 12, 2005 to August 5, 2009 when he was terminated. (Compl. ¶ 3; Doc. 23 at 2.) The conditions of his termination are not at issue at this stage in the litigation, other than to note that Joseph believes the circumstances surrounding his termination demonstrate violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

On December 23, 2009, Joseph filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming only All Erection & Crane Rental Corp. ("AECR") as his employer (Compl. ¶ 9), but giving the address and telephone number of

All Aerials (Joseph Aff. ¶ 31, Doc. 23-1).[1] Joseph did not identify All Aerials as his employer in the intake questionnaire.[2] Joseph identified All Aerials as his employer in an undated cover letter addressed to the EEOC enclosed with his signed charge, which states that he "worked for All Aerials, LLC […] which is owned by All Erection & Crane Rental." (*Id*. ¶ 32 and Ex. G.)

The EEOC sent a Notice of Charge dated October 21, 2009 to AECR. (Doc. 19-4). According to All Aerials' Manager, Roger Mahakian ("Mahakian"), AECR forwarded the notice to All Aerials—"Mr. Joseph's actual employer." (Mahakian Decl. ¶ 23, Doc. 19-2.) All Aerials responded to the charge with a position statement.[3] (*Id*.) All Aerials maintains that it filed the position statement on behalf of AECR because it had information required by AECR to respond to the charge. (*Id*.) The position statement, however, indicates that it is from "the Respondent, All Aerials, LLC ("All Aerials" or "the Company")" and that the letter presents "the Company's position in reply" to the charge. In its response letter, All Aerials denies Joseph's charge of discrimination, and states that All Aerials was Joseph's employer and not AECR, which All Aerials indicates "is a separate and distinct corporation with different ownership and management." (*Id*.; Doc. 23-2 at 25.) The letter then provides a thorough recitation of Joseph's job performance and behavior, all of which the letter asserts represents All Aerials' non-discriminatory reasons for terminating Joseph. (Doc. 23-2.)

On July 13, 2010, the EEOC concluded its investigation, finding insufficient information to establish discriminatory conduct, and issued a Notice of Rights to Joseph, more

---

[1] A copy of the charge is attached to the Complaint (Doc. 1-1.)
[2] There are several charge documents attached to the Motion, each of which names AECR as the employer. (Docs. 19-4, 19-5, 19-6.)
[3] All Aerials has provided only the first page of its statement of facts, and has not provided the cover page or succeeding pages. (Doc. 19-7.) Plaintiff has provided the entirety of the document as an exhibit to his Response. (Doc. 23-2 at 24-29.)

2

commonly known as a "right to sue" letter. (Doc. 1, Compl. ¶ 10; Doc. 1-2.) Subsequently, Joseph filed this action against both All Aerials and AECR. (Doc. 1.)

All Aerials filed the instant motion seeking to have it dismissed as a defendant. The crux of All Aerials' motion is that Joseph failed to name All Aerials in his EEOC charge, which requires this Court to dismiss it as a party unless Joseph can show that the named party, AECR, is a "virtual alter ego" of All Aerials and that the two entities share "clear identity of interests." (Doc. 19-1 at 11.) All Aerials asserts that Joseph cannot meet this standard; and therefore, the Court must grant its motion for judgment on the pleadings or, in the alternative, its motion for summary judgment.

In support of its motion, All Aerials contends that it is an entirely separate entity from AECR, maintaining a separate business address in a different city, a separate registration with the Ohio Secretary of State, and a separate federal tax identification number. (Mahakian Decl. ¶¶ 5, 7-9.) All Aerials asserts that Joseph was not employed by AECR. (*Id*. ¶ 14.) It further asserts that any indication Joseph might have received that AECR was involved in the dealings of All Aerials was a result of an agreement among AECR, All Aerials and other local companies who found it more cost-effective to buy group and other types of insurance in a pool rather than as individual businesses. All Aerials claims that AECR managed the negotiation and billing for those companies, and regularly sent invoices to All Aerials for those services.

All Aerials notes that Plaintiff reported to work daily at the All Aerials site on Brecksville Road in Richfield, Ohio, rather than the AECR site on Acorn Drive in Independence, Ohio. Further, according to All Aerials, neither entity performs its work on the other entity's campus, and each entity performs separate work—All Aerials rents aerial lift equipment while AECR rents cranes and heavy equipment. As well, according to All Aerials, Joseph received his

3

paychecks and annual W-2s from All Aerials; the employee handbook indicated that Joseph was an employee of All Aerials (Doc. 19-2 at 7); and Joseph reported to a supervisor at the All Aerials site who was an All Aerials employee. Finally, according to All Aerials, this supervisor had difficulties with Joseph's job performance and ultimately terminated him for failure to improve.

Joseph opposes the motion, arguing that he has demonstrated that defendant was afforded appropriate notice of the charge, as well as an opportunity to participate in the EEOC proceedings. (Doc. 23 at 1.) Further, Joseph argues that defendant and AECR are so intertwined that there is an identity of interest such that the two are virtual alter egos. (*Id*.) Thus, Joseph argues that defendant will not be prejudiced by permitting this action to proceed. In support of his assertions, Joseph indicates that, although he did not name All Aerials in his charge, the EEOC questionnaire listed the address and telephone number of All Aerials as that of AECR and alleged that General Manager, Roger Mahakian (an All Aerials employee) terminated Joseph. Further, Joseph asserts that he believed that his EEOC charge was appropriately addressed to AECR, rather than All Aerials, because of All Aerials' representations to him. Specifically, Joseph contends that Susi Motz, a former manager at All Aerials, represented to him that All Aerials was owned by AECR. (Joseph Aff. ¶ 2.) According to Joseph, he could not perform his job duties without day-to-day contact with AECR personnel. (*Id*. at ¶ 6.) Further, he alleges that All Aerials relied on AECR to provide it various daily services, including running credit checks and providing certificates of insurance and statements of limitations of coverage to All Aerials customers, and providing accounting, shipping, equipment maintenance, and information technology services to All Aerials. (*Id*. at ¶¶ 8-25.) Finally, he maintains that All Aerials personnel also regularly sought the advice of AECR's legal department and that AECR handled

All Aerials' human resources, including administration of All Aerials' employee benefits. (*Id*. at ¶¶ 14, 16, 31.)

## II. STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)) (internal quotation marks omitted). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

Rule 12 provides, in pertinent part, as follows:

> **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.
>
> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In the instant case, the parties have submitted multiple extra-pleading documents in support of their positions. The Court has considered those documents and is, therefore, converting the motion from one for judgment on the pleadings to one for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure, addressing Summary Judgment, provides in relevant part as follows:

> **(a)** **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> [ … ]
>
> **(c)** **Procedures.**
>
> > **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> >
> > > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> > >
> > > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In reviewing summary judgment motions, a court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect

the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the court must decide, "[W]hether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict [...]." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III. ANALYSIS

Before bringing an employment discrimination action under the ADEA, the ADA, or Title VII in federal district court, a plaintiff must first file an administrative charge with the EEOC. *Amini v. Oberlin College,* 259 F.3d 493, 498 (6th Cir. 2001); *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984).[4] "A party may only sue an entity for

---

[4] Plaintiff here is asserting claims only under the ADEA and the ADA; however, the Court will consider Title VII cases insofar as those cases are relevant to the procedural requirements of these acts, which are identical. *See, e.g.*, *Strine v. Marion Cent. Sch. Dist.*, 280 F. Supp. 2d 75, 78 n. 2 (W.D.N.Y. 2003); *Stepney v. Naperville Sch. Dist.*, *203,* 392 F.3d 236, 239 (7th Cir. 2004) (noting that the ADA's enforcement provision expressly incorporates the

violating civil rights statutes such as Title VII or the ADEA if it named the same entity in its prior EEOC charge." *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480-81 (6th Cir. 1990); *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) ("A corollary of this general rule is that a party must be named in the EEOC charge before that party may be sued under Title VII 'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge.' ") (quoting *Jones*, 748 F.2d at 1086).

There are two purposes served by requiring a plaintiff to name the defendant in the EEOC charge. "First, the charge serves to notify the defendant of the discrimination claim alleged against him." *Romain*, 836 F.2d at 245 (citing *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied sub nom. Chicago Journeymen Plumber's Local Union No. 130 v. Plummer*, 455 U.S. 1017 (1982)). Importantly, notice of the charge serves to permit the defendant to preserve evidence that may be useful in his or her defense. *Id.* "Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the [Civil Rights] Act." *Id.* (citing *Eggleston*, 657 F.2d at 905). "Conciliation is a primary goal of Title VII and provides an avenue for compliance without the resort to the expense and inconvenience of litigation." *Id.*

"Courts have, however, recognized that redress of legitimate grievances should not be barred by 'undue encumbrance by procedural requirements […] when demanding full and technical compliance would have no relation to the purposes for requiring the procedures in the first instance.' " *E.E.O.C. v. Falls Village Ret. Comty., LTD*, No. 5:05cv1973, 2007 WL 756803,

---

enforcement provisions of Title VII, and the analysis of the statutory requirements for filing a claim under each will be the same); *Szoke*, 398 F. App'x at 153-54 (filing charge and naming entity in charge is prerequisite to filing suit under Title VII or the ADEA).

8

at *3 (N.D. Ohio March 7, 2007) (quoting *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)). Consequently, an exception to the general rule that a plaintiff must name a defendant in the EEOC charge is made if there is an "identity of interest" between the unnamed party and a named party. *Romain*, 836 F.2d at 244. The Sixth Circuit has observed that the identity of interest, "implies that the named and unnamed parties are virtual alter egos […] [and not] two distinct entities with different business operations." *Weatherspoon v. N. Oakland Gen. Hosp.*, No. 04-40184, 2006 WL 126615, at *3 (E.D. Mich. Jan. 17, 2006) (quoting *Knafel*, 899 F.2d at 1481) (internal quotation marks omitted). An "identity of interest" is generally found by the court "where the unnamed party has been provided with adequate notice of the charge under circumstances [that] afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Romain*, 836 F.2d at 244. (citing *Eggleston*, 657 F.2d at 905). This exception "acknowledges the reality that laymen, unassisted by trained lawyers, initiate" the charging process with the EEOC, and the exception "accordingly prevents frustration of" Title VII's remedial goals "by not requiring procedural exactness in stating the charge." *Id.* at 245. The plaintiff bears the burden of establishing that an "identity of interest" exists. *Smith v. Sofco, Inc.*, 142 F.3d 436, 1998 WL 109997, at *3 (6th Cir. 1998) (unpublished table decision) (citing *Celotex*, 477 U.S. at 322); *Williams v. Daifuku Am. Corp.*, No. 2:09-CV-43, 2010 WL 610643, at *3 (S.D. Ohio Feb. 18, 2010).

Before the Court can determine whether plaintiff has demonstrated an identity of interest between AECR and All Aerials, the Court must first address defendant's assertion that the Sixth Circuit imposes an additional threshold requirement—that a plaintiff must first demonstrate the named and unnamed parties are "virtual alter egos". *See Szoke*, 398 F. App'x at 154-55 (citing *Knafel*, 899 F.3d at 1481). All Aerials looks to corporate law to determine what is

meant by the Sixth Circuit's use of the phrase "virtual alter egos," finding that corporate law requires that such businesses be "fundamentally indistinguishable." (Doc. 19-1 at 7) (quoting *Belvedere Condominium Unit Owners' Ass'n. v. R. E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993) (citing *Bucyrus-Erie Co. v. Gen. Prods. Corp.*, 643 F.2d 413, 418 (6th Cir. 1981)). Thus, according to All Aerials, because it and AECR are legally separate entities, AECR is not its "virtual alter ego," and the two entities cannot, as a matter of law, be held to share an identify of interest; thus, the Court need not even determine whether an identity of interest exists between All Aerials and AECR.

While the terms "virtual alter ego" are used both in the corporate law context and in this context, the meanings in the two contexts are not identical, nor does the case law addressing the instant question support All Aerials' argument that they are. The *Belvedere* and *Bucyrus-Erie* decisions involved situations in which a party was seeking to pierce the corporate veil in order to impose liability on the shareholders of a corporation for exercising control over the corporation such that the corporation was deprived of its own separate existence. In the instant context, no court has held that a plaintiff must show that the unnamed party was not a truly separate entity or was deprived of its own existence.

In this context, however, the use of the term "virtual alter ego" by the courts is a further description of the goals of the identity of interest exception itself and goes to the plaintiff's burden in establishing that an indentify of interest exists. In *Knafel*, the Sixth Circuit held that the "identity of interest" tests *imply* that the parties are virtual alter egos. 899 F.2d at 1480. As such, the Sixth Circuit was observing that, in concluding that an unnamed party has an identity of interest with a named one, a court should be concluding that the two parties are so closely aligned as to be "virtual alter egos," such that it would be redundant to name the

10

defendant in the charge. *Szoke*, 398 F. App'x at 154-55. This remark, however, does not establish a distinct and separate burden to be imposed on plaintiffs, and no court has since held as such. Instead, the court was observing that a plaintiff must do more than demonstrate that the unnamed and named parties have a parent-subsidiary relationship to satisfy the identity of interest tests. *Szoke*, 398 Fed. App'x at 154. Indeed, in *Szoke*, the Sixth Circuit's inquiry did not end with its determination that the named and unnamed parties were legally separate entities, but proceeded to determine whether the plaintiff had established an identity of interest between the named and unnamed parties. Likewise, in the other Sixth Circuit decision on which All Aerials relies, the court noted that the plaintiff bore the burden of proof on the issue of identity of interest and held that his bare assertions regarding the relatedness of the entities were inadequate. *Sofco*, 1998 WL 109997, at *4. Thus, this Court reads *Knafel* as elucidating the evidentiary burden placed on plaintiffs by the identity of interest exception, and not as establishing a separate, distinct, threshold question.

Turning to the identity of interests exception, the Sixth Circuit has adopted two separate tests for determining when an identity of interest exists. *Szoke*, 398 F. App'x at 153 (citing *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 411-12 (6th Cir. 1999)). The first test was established by the Seventh Circuit, and simply examines whether there was notice to the unnamed employer that an EEOC claim had been filed such that the employer could then participate meaningfully in conciliation proceedings. *See Eggleston*, 657 F.2d at 905. The second test comes from the Third Circuit and examines four factors, as follows:

> 1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2) Whether, under the circumstances, the interests of a named [sic] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

11

      3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

      4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus*, 562 F.2d at 888; *Romain*, 836 F.2d at 246. These factors "look[] at the relationship between the named and unnamed party at the time the charge is filed and conciliation efforts occur […]." *Szoke*, 398 F. App'x at 154.

      At the outset, the Court notes that this case is quite unlike the majority of cases in which the plaintiff has failed to name the defendant, and the "identity of interest" exception is at issue. In the cases addressed by the Sixth Circuit, the issue presented is frequently whether the unnamed party's *absence* from the EEOC proceedings, even with actual notice, is excusable because of the nature of the unnamed party's relationship with the named party. *See, e.g., Szoke*, 398 F. App'x at 153 (holding that despite actual notice, unnamed party never had opportunity to participate in conciliation, and that its relationship and interests with named party were completely separate, such that participation by the named party in the absence of the unnamed party did not meet exception to the rule requiring that a defendant be named in the EEOC charge); *Alexander,* 177 F.3d at 412 (holding that unnamed international union's supervisory relationship with named local union afforded it actual notice of the charge and an opportunity to participate, thus it was not prejudiced by the plaintiff's failure to name it in the charge); *Sofco*, 1998 WL 109997, at *4 (finding that plaintiff presented no evidence to establish the nature of the business relationship between the named and unnamed parties sufficient to find that the parties had an identity of interest); *Romain*, 836 F.2d at 246 (affirming trial court's finding that relationship between a named employer and an unnamed, absent, potential purchaser of the employer's business was insufficient to provide the unnamed purchaser adequate notice and an opportunity to participate in conciliation proceedings). In contrast, here, All Aerials actually

participated in the EEOC proceedings. Despite these circumstances, All Aerials urges that because it was not named in the charge, plaintiff may not proceed with the instant lawsuit. This argument, however, elevates form over the substance and is contrary to the purposes behind the naming requirement in the first instance.

Here, when AECR received the charge, it passed the charge on to All Aerials, who then set forth its position in a letter to the EEOC, refuting the charges before the EEOC and providing a statement of facts to support *its* decision to terminate plaintiff. Thus, not only did All Aerials receive actual notice of plaintiff's EEOC charge from AECR, but also it responded to the charge as if the charge had been made against it and not AECR.

Defendant urges that it responded "on behalf of" AECR because it, as plaintiff's true employer, had the necessary information for AECR to respond to the charge. Defendant's argument is disingenuous. The Position Statement submitted by All Aerials' counsel to the EEOC clearly states that counsel was "the designated representative of *the Respondent,* All Aerials, LLC" and that the letter is the "Employer's Response to [the] Charge." (Doc. 23-2 at 24, 28) (emphasis added). Defendant's argument is further belied by the fact that it did not simply ignore the charge when it arguably could have, but instead submitted *its* statement of facts in support of *its* manager's decision to terminate Joseph. (*Id.*)

While the record is sparse regarding what EEOC proceedings took place once the necessary parties were involved (and specifically whether voluntary conciliation efforts occurred or were even discussed), All Aerials apparently had the opportunity to state its case and was aware of the charge process as it occurred. Therefore, the purposes of the naming requirement (*see Romain*, 836 F.2d at 245) have been met. *See also, Szoke*, 398 F. App'x at 153 (citing *Alexander*, 177 F.3d at 412 (finding test satisfied when a local union official against whom

13

plaintiff filed discrimination charges informed the national union and forwarded copies of the charges); *Jackson v. Fed. Express Corp.*, No. 04-2470, 2006 WL 181964, at *3-4 (W.D. Tenn. Jan. 18, 2006), *rev'd in part on other grounds sub nom. Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388 (6th Cir. 2008) (EEOC directly contacted unnamed party, and it responded as though charge filed against it)); *Greenwood v. Ross*, 778 F.2d 448, 452 (8th Cir. 1985) (holding defendant not named in charge was not prejudiced where it received actual notice of the charge, had knowledge that the suit was intended as a suit against it rather than the named party, and was represented by an attorney at the EEOC proceedings). Accordingly, the Court finds that plaintiff has satisfied the Seventh Circuit identity of interest test.

Turning to the Third Circuit test, the Court concludes that, on balance, the factors weigh in favor of finding an identity of interest between All Aerials and AECR. Undoubtedly, pursuant to the first factor, Joseph could have, through reasonable effort, ascertained All Aerials' role and named it as a respondent in the EEOC charge. It is unclear, however, whether there is reason to believe that the failure to name All Aerials was due to some representation, which would fall within the fourth prong of the test. Further, whether AECR and All Aerials interests were substantially similar to each other is not material in this case because All Aerials actually participated in the EEOC proceedings on behalf of itself, despite not being named in the charge. Indeed, AECR, the named party, did not even respond to the charge. Finally, as to the third prong, considering All Aerials' undisputed participation in the EEOC proceedings, the Court fails to discern any actual prejudice as a result of Joseph's failure to name All Aerials in his charge. All Aerials received actual notice of the charge and responded accordingly. There is no evidence in the record that it was hindered from pursuing voluntary conciliation, or that the EEOC did not pursue plaintiff's claims against All Aerials. Under the circumstances, if this

Court were to dismiss plaintiff's case because he did not name All Aerials in his charge, it would not serve the purposes for requiring the naming procedure in the first instance. *Glus*, 562 F.2d at 888. Accordingly, plaintiff has also satisfied the Third Circuit identity of interest test and summary judgment is not warranted.

## IV.　CONCLUSION

For the reasons set forth above, the Court treats All Aerials' motion as one for summary judgment and **DENIES** the same, and concludes that any error by Plaintiff has not prejudiced All Aerials and would not prevent suit against All Aerials as his actual employer.

**IT IS SO ORDERED.**

Dated: February 16, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**